**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **In Chapter 7** |
| | ) | |
| **BOSTON BLACKIES MANAGEMENT, INC.,** | ) | Case No. 09-B-44643 |
| | ) | **(Jointly Administered)** |
| **Debtors and Debtors in Possession.** | ) | Honorable Judge Jack B. Schmetterer |
| | ) | Motion Date:  November 19, 2010 |
| | ) | Motion Time:  10:30 a.m. |

**NOTICE OF MOTION**

TO:    See attached

    PLEASE TAKE NOTICE THAT on November 19, 2010, at the hour of 10:30 a.m., the undersigned shall appear before the shall be heard by the Honorable Jack B. Schmetterer of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Room 682 at 219 South Dearborn Street, Chicago, Illinois, 60604, and there and then present **FINAL APPLICATION FOR COMPENSATION OF SPECIAL COUNSEL FOR THE TRUSTEE.**  A copy of same is attached hereto and thereby served upon you. You may appear if you so see fit.

                                                   QUERREY & HARROW, LTD.


**AFFIDAVIT OF SERVICE**

    I, Beverly A. Berneman, an attorney, certify that the above captioned Notice of Motion and Final Application for Compensation of Counsel for the Debtors were served upon the parties who receive notice via CM/ECF filing and those who receive notice via Regular Mail with postage pre-paid from 175 W. Jackson Blvd., Chicago, IL 60604 on October 29, 2010.

                                            /s/*Beverly A. Berneman*
                                                Beverly A. Berneman

QUERREY & HARROW, LTD.
175 West Jackson Boulevard, Suite 1600
Chicago, Illinois  60604
312-540-7000

## SERVICE LIST

| | |
|---|---|
| Gretchen M. Silver<br>OFFICE OF THE US TRUSTEE<br>219 South Dearborn<br>Suite 873<br>Chicago, Illinois  60604<br>VIA CM/ECF ONLY | Brenda Porter Helms, ESQ<br>The Helms Law Firm, P.C.<br>3400 West Lawrence<br>Chicago, IL 60625<br>VIA CM/ECF ONLY |
| David R Brown, ESQ<br>Springer, Brown, Covey, Gaertner & Davis<br>400 South County Farm Road<br>Suite 330<br>Wheaton, IL 60187<br>VIA CM/ECF ONLY | General Electric Capital Corporation<br>c/o Ronald Peterson<br>Jenner & Block<br>353 N. Clark Street<br>Chicago, IL 60654<br>VIA CM/ECF |
| Coactive Capital Partners, Inc.<br>c/o Bryan K. Duplechain<br>Sanchez, Daniels and Hoffman, LLP.<br>333 West Wacker, 500<br>Chicago, IL  60606<br>VIA CM/ECF ONLY | RBS Citizens, NA d/b/a Charter One<br>c/o Jeffrey Ganz<br>Riemer & Braunstein<br>Three Center Plaza, Floor 6<br>Boston, MA 02108-2203<br>VIA CM/ECF ONLY |
| RBS Citizens, NA d/b/a Charter One<br>c/o Thomas M. Lombardo<br>Riemer & Braunstein, LLC<br>71 S. Wacker Dr, Ste 3515<br>Chicago, IL 60606<br>VIA CM/ECF ONLY | Boston Blackies Management Company, Inc.<br>c/o Ronald Rosenblum<br>Rosenblum, Vandenburg & Smith<br>200 W. Madison, #1950<br>Chicago, IL 60606<br>VIA CM/ECF ONLY |
| Kurt Krueger<br>c/o Donna B. Wallace<br>Joseph A. Baldi & Associates, PC<br>19 S LaSalle St, Ste 1500<br>Chicago, IL 60603<br>VIA CM/ECF ONLY | National Republic Bank of Chicago<br>c/o Ariel Weissberg<br>Weissberg & Associates, Ltd.<br>401 S. LaSalle St, Ste 403<br>Chicago, IL 60605<br>VIA CM/ECF ONLY |
| Monarch BE LLC<br>c/o J Mark Fisher & Jon C. Vigano<br>Schiff Hardin & Waite<br>6600 Sears Tower<br>Chicago, IL 60606<br>VIA CM/ECF | Ciena Capital<br>c/o Francisco E. Connell<br>Chuhak & Tecson PC<br>30 S. Wacker Dr., Suite 2600<br>Chicago, IL 60606<br>VIA CM/ECF |

Jason Batey
c/o Michael J Kedzie
Kedzie Law Offices PC
39 South LaSalle St Suite 811
Chicago, IL 60603
VIA CM/ECF

Systems & Services Technologies, Inc.
c/o Terri M Long
Law Office of Terri M. Long
18201 Morris Avenue
Homewood, IL 60430
VIA CM/ECF

Boston Blackies Properties II, LLC
Boston Blackies Properties IV, LLC
c/o Konstantine T. Sparagis
Law Offices of Konstantine Sparagis P C
8 S Michigan Ave 27th Fl
Chicago, IL 60603
VIA CM/ECF

Toyota Motor Credit Corporation
c/o John F. Torres
Law Offices of John F. Torres
P.O. Box 1028
Downers Grove, IL 60515
VIA CM/ECF

Boston Blackies Management, Inc.
6424 Tower Court
Lincolnwood, IL 60712
Attn: Donna Giannis
Via Regular Mail

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **In Chapter 7** |
| | ) | |
| **BOSTON BLACKIES MANAGEMENT, INC.,** | ) | Case No. 09-B-44643 |
| **et al.,** | ) | (Jointly Administered) |
| | ) | Honorable Judge Jack B. Schmetterer |
| **Debtors.** | ) | Motion Date: November 19, 2010 |
| | ) | Motion Time: 10:30 a.m. |

**FINAL APPLICATION FOR COMPENSATION
OF SPECIAL COUNSEL FOR TRUSTEE**

The law firm of QUERREY & HARROW, LTD. ("Q&H"), as special counsel for the Trustee, BRENDA PORTER HELMS, applies to this Court for an order approving the payment of interim fees in the amount $38,672.00 and in support thereof states as follows:

### I. JURISDICTION

This Court has jurisdiction over this Application pursuant to 28 U.S.C. §157 and §1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b).

### II. GENERAL BACKGROUND

1. On November 24, 2009, (the "Petition Date"), Boston Blackies Management, Inc., and some of its affiliates, Boston Blackies Lake Cook Plaza, Inc., Boston Blackies of Riverside Plaza, Inc., Boston Blackies of Winnetka, Inc., 164 Grand Inc., Boston Blackies of Naperville, LLC, and Boston Blackies of Arlington Heights, LLC) (collectively, "Debtors") filed their respective voluntary petitions in this Court for reorganization relief under Chapter 11 of the United States Bankruptcy Code. On December 1, 2009, this Court entered an order allowing joint administration of the Debtors.

2. On March 18, 2010, this Court entered an order appointing a Chapter 11 Trustee. Brenda K. Helms, who acted as Chapter 11 Trustee.

3. On April 7, 2010, this Court entered an order permitting the Chapter 11 Trustee to retain Q&H as special counsel effective March 18, 2010. The Chapter 11 Trustee retained Q&H primarily to assist her in transition issues, and to continue with certain other issues, including the recovery of personal property, issues pertaining to trademarks and trade secrets and adversaries concerning the ability to sell liquor that were pending at the time of the appointment of the Chapter 11 Trustee.

4. On September 16, 2010, this Court entered an order converting the above captioned cases to cases under Chapter 7 of the Bankruptcy Code.

### III. CASE STATUS

The Trustee is now operating the businesses of the Debtor and has begun the process of selling all tangible assets for distribution to creditors. The matters for which Q&H was retained are now concluded, except for the adversary complaints in which permanent injunctions have been entered to permit the continued sale of liquor.

### IV. DESCRIPTION OF THE FEE PETITION

1. <u>General Information.</u>  Rule 2016(a) of the Bankruptcy Rules requires a detailed application for fees. The primary objective of this fee application is to reveal sufficient information to enable the court to determine whether the services rendered in representing the Debtor were reasonable, actual and necessary. Q&H has provided accurate and detailed records of the services which were made contemporaneously with the services performed. In re Chicago Lutheran Hospital Association, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); In re Wildman, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

The statement of services includes a summary, by category, of the work done and time expended in each category. Much care has been taken to properly categorize the activities to the degree possible. Billing judgment was used to exclude hours which were excessive, redundant or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 76 L.Ed.2d 40, 103 S.Ct. 1933 (1983); *In re Temple Retirement Community, Inc*., 97 B.R. 333 (Bkrtcy. W.D.Tex. 1989); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

2.  Billing Entries.  Q&H uses computerized time and billing software in the preparation of a fee petition. This final fee petition contains a narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity. It contains a statement explaining the significance of the activity as well as the purpose, necessity and appropriateness of each such service. Where appropriate, it contains a statement of the effectiveness of the activity, alternatives considered, method for choosing the action taken, a statement of any difficult or unusual problems which arose in the case and the manner in which it was addressed. In re Wildman, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

3.  Hourly Charges. Q&H charges all clients, including for non-bankruptcy matters, $480.00 per hour for partner attorney time in court; $320.00 per hour for other partner attorney time, $225.00 per hour for associate time, $150.00 per hour for travel time and $85.00 per hour for paralegal time.

### V. BANKRUPTCY LOCAL RULE 5081-1 COMPLIANCE

Bankruptcy Local Rule 5081-1 governs applications for compensation and reimbursements for professional services in cases under Chapter 11. Counsel provides the following discussion in compliance with Bankruptcy Local Rule 5081-1.

### A. COVER SHEET
### *[LOCAL RULE 5082-1(A)]*

Counsel filed a cover sheet required by Local Rule 5082-1(A) simultaneously with the filling of this application for compensation

### B. NARRATIVE SUMMARY
### SUMMARY LIST OF ALL PRINCIPAL ACTIVITIES AND SUMMARY OF TOTAL COMPENSATION REQUESTED IN CONNECTION WITH EACH ACTIVITY
### *[Local Rule 5082-1(B)(1)(a)]*

The summary of all activities is as follows:

| Activity Code | Description of Activity | Invoice Hours | Totals |
|---|---|---|---|
| ADM | Administration | 56.10 | 19,360.00 |
| ADVS | Adversary Complaints | 23.10 | 8256.00 |
| EXC | Executory Contracts | 9.20 | 3,024.00 |
| FEE | Fee Petition | 5.20 | 1,664.00 |
| FIN | Financing | 2.30 | 832.00 |
| PLN | Plan | 6.50 | 2,080.00 |
| SOA | Sale of Assets | 10.80 | 3,456.00 |
| TOTAL | | 113.20 | $38,672.00 |

### C. NARRATIVE SUMMARY
### SUMMARY OF ALL PRINCIPAL ACTIVITIES INCLUDING DETAILS AND DESCRIPTION OF EACH TASK AND ACTIVITY AND TOTAL COMPENSATION SOUGHT IN THE APPLICATION, HOURLY RATE FOR EACH PROFESSIONAL WITHIN EACH ACTIVITY AND NAME AND POSITION OF EACH PROFESSIONAL
### *[Local Rules 5082-1(B)(1)(b) and (d)]*

From March 18, 2010 to date, the Trustee has incurred $38,672.00 in fees at Q&H's customary hourly fee rates as is more fully set forth in Exhibit A.

The billing rates for each attorney and paraprofessional are identified in Exhibit A and in section V.E. below.

The following is a detailed narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity:

A.　*ADMINISTRATION.*

The activities in the general administration category are those activities which were requested by the Trustee and were necessary primarily to aid in the transition of operations from the Debtors the Trustee, including review of monthly reports, section 1121(c)(1) and 1109(b) issues, conferences with the Trustee, facilitating communications with the restructuring agent and recovery of personal property belonging to the Debtors, bringing fee petitions for the accountants. The services benefited the estates on an economic and non-economic basis by protecting the estates.

An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
| --- | --- | --- | --- | --- |
| R.R. Benjamin | Partner | 18.50 | 320.00 | 5,920.00 |
| R.R. Benjamin | Partner | 3.40 | 480.00 | 1,632.00 |
| B.A. Berneman | Partner | 6.90 | 320.00 | 2,208.00 |
| B.A. Berneman | Partner | 2.00 | 480.00 | 960.00 |
| E.E. Sethna | Partner | 21.90 | 320.00 | 7,008.00 |
| E.E. Sethna | Partner | 3.40 | 480.00 | 1,632.00 |
| | | 56.10 | | $ 19,360.00 |

B.　*ADVERSARY COMPLAINTS*

Prior to the appointment of the Trustee, Q&H was involved in two sets of adversary actions. The first set concerns the cessation of pre-petition suits against principals of the Debtors. The second involved suspension of the Illinois Liquor Control Act which would have required Debtors to pay pre-petition claims in order to continue purchasing alcoholic beverages. Q&H continued to prosecute the adversary involving the suspension of the Illinois Liquor Control Act at the request of the Trustee. The services benefited the estates on an economic basis protecting the ability to sell liquor on the premises and maintain revenues as a result. The services benefited the estates on a non-

economic basis by facilitating the bankruptcy process while the Chapter 11 Trustee was operating the business.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
| --- | --- | --- | --- | --- |
| R.R. Benjamin | Partner | 2.50 | 320.00 | 800.00 |
| R.R. Benjamin | Partner | 3.80 | 480.00 | 1,824.00 |
| B.A. Berneman | Partner | 9.70 | 320.00 | 3,104.00 |
| E.E. Sethna | Partner | 5.50 | 320.00 | 1,760.00 |
| E.E. Sethna | Partner | 1.60 | 480.00 | 768.00 |
| | | 23.10 | | $ 8,256.00 |

C. *EXECUTORY CONTRACTS*

Q&H rendered services to the estates that protected the Debtors' leases for non-residential real property, leased equipment and intellectual property rights. The services benefited the estates on an economic basis preserving valuable contracts. The services benefited the estates on a non-economic basis by facilitating the bankruptcy process.

An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibit A. A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
| --- | --- | --- | --- | --- |
| R. R. Benjamin | Partner | 1.70 | 320.00 | 544.00 |
| R.R. Benjamin | Partner | 0.50 | 480.00 | 240.00 |
| B.A. Berneman | Partner | 5.60 | 320.00 | 1,792.00 |
| E.L. Rubin | Of Counsel | 0.80 | 320.00 | 256.00 |
| E.E. Sethna | Partner | 0.60 | 320.00 | 192.00 |
| | | 9.20 | | $ 3,024.00 |

D.  **FINANCING**

Q&H performed service to aid in the transition of financing issues from the Debtor as a Debtor in possession to the Chapter 11 Trustee. The non-economic benefits resulted from aiding the administration of the estates.

An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| R.R. Benjamin | Partner | 0.90 | 320.00 | 288.00 |
| B.A. Berneman | Partner | 0.30 | 320.00 | 96.00 |
| E.E. Sethna | Partner | 0.50 | 320.00 | 160.00 |
| E.E. Sethna | Partner | 0.60 | 480.00 | 288.00 |
| | | 2.30 | | $ 832.00 |

E.  **PLAN**

Upon her appointment, the Trustee consulted with Q&H about the possibility of filing a plan of reorganization for the Debtor's more profitable locations. In the end, the Trustee decided not to proceed. The non-economic benefits resulted from aiding the administration of the estates.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| R.R. Benjamin | Partner | 3.30 | 320.00 | 1,056.00 |
| B.A. Berneman | Partner | 3.20 | 480.00 | 1,024.00 |
| | | 6.50 | | $ 2,080.00 |

F.  **SALE OF ASSETS**

Q&H performed service to aid in the transition of financing issues from the Debtor as a Debtor in possession to the Chapter 11 Trustee. The non-economic benefits resulted from aiding the administration of the estates. The services resulted in an economic benefit to the estates by

-7-

facilitating a possible sale and distribution to creditors. The non-economic benefits resulted from aiding the administration of the estates and furthering the bankruptcy process.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| R.R. Benjamin | Partner | 3.80 | 320.00 | 1,216.00 |
| B.A. Berneman | Partner | 4.90 | 320.00 | 1,568.00 |
| E.E. Sethna | Partner | 2.10 | 320.00 | 672.00 |
| | | 10.80 | | $ 3,456.00 |

**D. NARRATIVE SUMMARY**
**STATEMENT OF TIME AND TOTAL COMPENSATION SOUGHT IN THE APPLICATION FOR PREPARATION OF CURRENT OR PRIOR APPLICATION FOR COMPENSATION**
*[Local Rules 5082-1(B)(1)(c)]*

An itemized breakdown of the time expended in preparing this Final Petition is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| B.A. Berneman | Partner | 5.20 | 320.00 | $ 1,664.00 |

**E. NARRATIVE SUMMARY**
**HOURLY RATE FOR EACH PROFESSIONAL FOR WHOM COMPENSATION IS REQUESTED AND TOTAL NUMBER OF HOURS EXPENDED BY EACH PERSON AND TOTAL COMPENSATION SOUGHT FOR EACH**
*[Local Rules 5082-1(B)(1)(d)]*

The summary of each professional and the compensation appears in the Detailed Statement s of Services which was attached as Exhibit A to the final fee petition. The summary is as follows:

| Name (Initials) | Position | Hours | Rates | Total |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 30.70 | 320.00 | 9,824.00 |
| Robert R. Benjamin (RRB) | Partner | 7.70 | 480.00 | 3,696.00 |
| Beverly A. Berneman (BAB) | Partner | 35.80 | 320.00 | 11,456.00 |
| Beverly A. Berneman (BAB) | Partner | 2.00 | 480.00 | 960.00 |
| E. Leonard Rubin (ELR) | Of Counsel | 0.80 | 320.00 | 256.00 |
| Eileen E. Sethna (EEM) | Partner | 30.60 | 320.00 | 9,792.00 |
| Eileen E. Sethna (EEM) | Partner | 5.60 | 480.00 | 2,688.00 |
| TOTAL | | 113.20 | | $38,672.00 |

### F. NARRATIVE SUMMARY
### STATEMENT OF COMPENSATION PREVIOUSLY SOUGHT AND ALLOWED
### *[Local Rules 5082-1(B)(1)(f)]*

This is applicant's first and final petition as special counsel

### G. NARRATIVE SUMMARY
### TOTAL AMOUNT OF EXPENSES FOR WHICH REIMBURSEMENT IS SOUGHT
### *[Local Rules 5082-1(B)(1)(g)]*

Q&H does not seek reimbursement of expenses.

### H. NARRATIVE SUMMARY
### STATEMENT AS TO WHETHER THE REQUESTED FEES AND EXPENSES ARE SOUGHT TO BE ALLOWED OR BOTH ALLOWED AND PAID
### *[Local Rules 5082-1(B)]*

Counsel requests that the fees and expenses sought herein be allowed and paid in accordance with the payment of other administrative claims on a *pro rata* basis.

### VI. CERTIFICATION

Q&H certifies that it has hereby served a copy of the chronological itemization of services rendered to the Chapter 11 Trustee. To date, Q&H has not received an objection to the fees.

### VII. THE VALUE OF THE SERVICES FOR WHICH COMPENSATION IS SOUGHT AND PRESERVATION OF THE RETAINER

Section 330(a) of the Bankruptcy Code provides:

    (a)    After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328 and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1003 of this title, or to the debtor's attorney:

    (1)    reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a cases under this title; and

    (2)    reimbursement for actual, necessary expenses.

The Bankruptcy Court has the independent authority and responsibility to determine the reasonableness of all fee requests, whether or not objections are filed. *In re Spanjer Brothers, Inc.,* 203 B.R. 85 (Bkrtcy. N.D.Ill., 1996); *In re Pettibone Corporation*, 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987). The burden of proof is on the applicant to show that the fees incurred were actual and necessary. *In re Spanjer Brothers, Inc.,* 203 B.R. 85, 89 (Bkrtcy. N.D.Ill., 1996); *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Pettibone Corporation,* 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987).

The representation of the Debtor adequately corresponds with the time and labor expended by Q&H. The various issues involved required experienced bankruptcy counsel. Q&H attorneys have over sixty (60) years combined experience in the area of bankruptcy law. Less experienced attorneys would not have handled the matters herein as efficiently and as effectively. Due to the substantial time expended on behalf of the Debtor, Q&H was precluded from accepting cases requiring extensive representation during the initial phase of these cases. Q&H was able to accomplish a great deal directed towards aiding the Debtor in its streamlining efforts and the preparation and proposal of a plan supported by a detailed disclosure statement. Considering the results obtained by Q&H the amounts involved are fair and reasonable. This Court has reviewed and

ruled upon numerous fee applications and is in a position to determine that the rates herein are reasonable.

### X. CONCLUSION

WHEREFORE, QUERREY & HARROW, LTD. requests that this court enter an Order:

A.  Determining that the legal services and fees incurred in this and prior fee petitions were necessary and reasonable;

B.  Allowing final compensation as special counsel for the Chapter 11 Trustee in the amount of 38,672.00; and

C.  Granting such other and further relief as this court may deem just and proper.

QUERREY & HARROW, LTD.


By: /s/*Beverly A. Berneman*
      Beverly A. Berneman


Robert R. Benjamin (ARDC # 10070429)
Beverly A. Berneman (ARDC # 06189418)
QUERREY & HARROW, LTD.
175 West Jackson Boulevard, Suite 1600
Chicago, Illinois 60606
(312) 540-7000